UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEVIN WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-333**<br>**c/w 21-334** |
| **DANIEL BIGGS, et al** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion to Limit Discovery to the Issue of Officers' Qualified Immunity (R. Doc. 52),** seeking an order limiting discovery against defendants Southeast Louisiana Flood Protection, Daniel Biggs, Kerry Najolia Donald Juneau, Albert Pellitteri, Darnell Laurant, Michael Brenckle, Bruno Mason, and Vance Bieniemy to the issue of qualified immunity. The motion is opposed by both Plaintiffs. R. Doc. 59 and 60.

**I.    Background**

This action is a consolidated matter that arises out of events occurring on February 16, 2020, in a parking lot off Lakeshore Drive near Franklin Ave in New Orleans, Louisiana. R. Doc. 1, p. 2, Case No. 21-333. In their complaints, Plaintiffs Williams and Hampton allege that they were in a parking lot off Lakeshore Drive near Franklin Avenue in New Orleans with other unnamed drivers doing donuts in the parking lot when a complaint was made about two cars doing donuts in that location. *Id.*

They allege that Officer Daniel Biggs ("Biggs") of the Orleans Levee Board responded to the call and when they tried to leave the location, began shooting at them even though they were no threat to him. *Id.* Plaintiffs contend that after being shot by Biggs, he made no attempt to assist them and instead made a call for "officer in need of help". *Id.* at p. 10. The officer who responded to his call was the first officer to notify EMS that Hampton and Williams were shot and needed assistance. *Id.* The plaintiffs contend that while they survived the shooting, they experienced

1

physical and emotional injuries and that Biggs' decision was under color of law and violative of their constitutional rights. *Id.* at p. 12. They point out that the act of doing donuts was simply a misdemeanor offense, and Biggs brandishing and using his weapon was excessive force. *Id.* at p. 8. Plaintiff's also point out that Biggs denied them assistance and did not follow department policies by completing an incident report. *Id.* at p. 11.

The plaintiffs also complain that the after the fact investigation was a sham because Biggs was not disciplined, Hampton was arrested, and that the department was only interested in covering up the officer's behavior.  They also complain that the leadership of the department failed to comply with their own policies, failed to adequately train Briggs and failed to properly discipline him among other violations.

## II.  Standard of Review

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir. 1986) ).

Accordingly, the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648. Under this procedure, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.' " *Id*. (citing *Wicks v. Miss. State Emp't Servs*., 41 F.3d 991, 994–95 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"—excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")).

"Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648. "After the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order

3

'narrowly tailored to uncover only those facts needed to rule on the immunity claim.' " *Id*. (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

## III.   Analysis

Defendant-movers, seek an order from the Court limiting discovery to the issue of qualified immunity. Defendants argue they have raised qualified immunity by alleging it in their answer, and on that basis request the court to limit discovery that does not pertain to qualified immunity. Rec. Doc. 52-1. Defendants ignore the fact that they have not yet filed a dispositive motion raising qualified immunity for the court's resolution. Generally, the defendant-movers contend that pursuant to Fifth Circuit law, the court should issue a discovery order narrowly tailored to discovery of the facts needed to make a qualified immunity ruling citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

Plaintiffs Williams and Hampton oppose the motion and contend that Defendants have not challenged the adequacy of their pleadings, nor do they have dispositive motions pending, such that the request is premature. *See* R. Doc. 59 p. 2, and R. Doc. 60, p.2.   The plaintiffs therefore contend that the defendant's motion should be denied.

In order to seek a stay based on the qualified immunity defense, Defendants must first raise the issue in a dispositive motion. *See, e.g., Rowe v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004) (Holding that it may be appropriate to stay discovery only after the issue of qualified immunity is presented to the Court for adjudication). The government official who does not raise qualified immunity in a motion to dismiss "cannot be said to be unduly burdened if he foregoes an opportunity to address the issue prior to the commencement of discovery, and instead waits to assert it until some point later in the litigation." *Id.*

4

While the defendants rely upon *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987) to support their position that an order limiting the scope of discovery is warranted, *Lion* supports the opposite position.  In *Lion Boulos*, the Court in lieu of granting summary judgment, issued an order allowing limited discovery on qualified immunity so that the Court could resolve a factual dispute prior to ruling on summary judgment. Clearly in *Lions* the Court was squarely presented the issue of the adequacy of the plaintiff's pleadings unlike in this case.

In contrast, the case law in this area weighs against the position of the defendants.  As the defendants have only raised the issue of qualified immunity as an affirmative defense and has not yet officially present the issue to the court for consideration, an order limiting discovery would not be appropriate.  While there are no cases in this district on the issue, the available authorities suggest that the more prudent approach is to deny such a request where the issue has not been raised in either a motion to dismiss or motion for summary judgment.  *See also Scherbarth v. Woods,* Civil Action No. 16–CV–2391–KHR, 2018 WL 851344, (S.D. Col. 2018)(where the court held that if there is no pending motion to resolve whether qualified immunity applies, the Plaintiff's interest in proceeding expeditiously and the convenience of the court outweigh the burden to Defendants); M*igliacio v. City of Plaquemine*, Civil Action No. 18-621-SDD-RLB, 2019 WL 267915 (M.D. La. Jan. 18, 2019)(where Judge Bourgeois in the Middle District Court denied Defendant's request to limit discovery solely based on the assertion of qualified immunity as an affirmative defense)

In addition to the above authority, there are other factors complicating the validity of the defendants' request.  First, one of the defendants who seek the discovery limitation order was only sued in his official capacity by Plaintiff Hampton, therefore qualified immunity does not apply. *See* R. Doc. 1, p. 3, Case No. 21-334, Second, the plaintiffs in addition to the Federal §1983 claims

5

also assert supplemental state law claims for assault and battery, emotional distress, and Hampton separately seeks punitive damages to which the defense of qualified immunity does not apply. *See* R. Doc. 1, Case No 21-00333; R. Doc. 1, Case No. 21-000334.

### IV.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' **Motion to Limit Discovery to the Issue of Officers' Qualified Immunity (R. Doc. 52)** is **DENIED for the reasons assigned above.**

New Orleans, Louisiana, th<u>is</u> 21st day of March 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**